**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

PHILLIP D. WILLIAMS                                                    PETITIONER
ADC #115975

v.                                      5:11-cv-00028-DPM-JJV

ARTIS RAY HOBBS, Director,                                          RESPONDENT
Arkansas Department of Correction

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following proposed findings and recommended disposition has been sent to United

States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the evidence

that supports your objection.  An original and one copy of your objections must be received in the

office of the United States District Court Clerk no later than fourteen (14) days from the date of the

findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Petitioner, Phillip Williams, an inmate in the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1).

## I.      PROCEDURAL BACKGROUND

On July 6, 2001, Williams was convicted of one count of capital murder, two counts of aggravated robbery, and one count of misdemeanor theft of property.  (Doc. No. 1).  He received sentences of life and 240 months imprisonment.  (*Id.*).  The judgment and commitment order was entered on July 17, 2001.  (Doc. No. 16, Ex. A).

Williams challenged his conviction on appeal, arguing the "trial court erred by denying his motions for directed verdict, challenging the court's finding of substantial evidence to support the judgment on each count."  *Williams v. State*, 351 Ark. 215, 218-19 (2002).  He also challenged "the constitutionality of Arkansas's substantial-evidence standard of review and the constitutionality of Rule 5-2(d) of the Rules of the Supreme Court, which denie[d] him the opportunity to cite favorable precedent from unpublished decision of the Arkansas Court of Appeals."  *Id*. at 219.

The Arkansas Supreme Court affirmed Williams' conviction on December 5, 2002. (*Id*. at 229). He filed a petition for writ of certiorari to the United States Supreme Court on April 7, 2003 (Doc. No. 16, Ex. B), which was denied on June 2, 2003. *Williams v. Arkansas*, 539 U.S. 907 (2003). The Arkansas Supreme Court issued its mandate on June 6, 2003. (Doc. No. 16, Ex. B).

Williams then filed a petition for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure on July 23, 2003. (Doc. No. 17, Ex. F). He argued that he is actually innocent and he had been denied due process of law. (*Id*.). The circuit court denied his Rule 37 petition on February 6, 2004. (Doc. No. 17, Ex. G).

He filed the instant Petition for Writ of Habeas Corpus (Petition) and Brief in Support on February 7, 2011 (Doc. Nos. 1, 2), setting forth two claims for relief. (*Id*.). First, Williams contends that he is actually innocent because the state's witness, Kareem Holloway, admitted that he did not see Williams ". . . kill anyone. And only stated that in my trial because of the urging of his public defenders [] and the prosecuting attorney." (Doc. No. 1). As his second claim for relief, Williams argues that the prosecuting attorney committed misconduct by meeting with Mr. Holloway and coercing him to testify against Williams. (*Id*.).

Respondent filed a Response on March 16, 2011 (Doc. No. 16), which asks this Court to dismiss Williams' claims because they are barred by the one-year statute of limitations period found in 28 U.S.C. § 2244. (*Id*.). In the alternative, Respondent contends that Williams' Petition should be dismissed because his claims are procedurally defaulted. (*Id*.).

## II.   FACTUAL BACKGROUND

A jury trial was held on July 5 and 6, 2001. At the trial, Williams' co-defendant, Kareem Holloway, testified for the State. Holloway testified that he, Williams, and two others drove to a

house on Martin Luther King Street to purchase marijuana. (Doc. No. 17, Ex. D, p. 362). While at

the house, Holloway saw $500.00 on a dresser and put it in his pocket. (*Id*. at 363). As he turned

around, a man at the house, LaShun Henderson, pointed a gun at him. (*Id*.). At this point, Phillip

Williams and Derrick Williams also pulled out guns. (*Id*.). Phillip Williams was carrying a 9-

millimeter. (*Id*. at 366). This prompted Holloway to pull out his .38 revolver. (*Id*. at 363, 366).

As Holloway and Phillip Williams were leaving the house, Eldrick Williams ran in the back

door. (*Id*. at 363). Holloway testified that Phillip Williams turned around and shot Eldrick

Williams, then proceeded to put him in a headlock and shoot him in the head**.** (*Id*.). Then Holloway

and Phillip Williams ran to the car and drove to North Little Rock. (*Id*. at 370-71). Once in North

Little Rock, Holloway and Phillip Williams split the $500.00 cash and marijuana. (*Id*. at 371).

As stated above, Phillip Williams was ultimately convicted by the jury of one count of capital

murder, two counts of aggravated robbery, and one count of misdemeanor theft of property and

sentenced to life imprisonment plus 240 months. (Doc. No. 1). On June 5, 2009, Holloway

prepared an affidavit stating he had lied to the jury. (Doc. No. 2). Specifically, Holloway declared

in his affidavit:

> The Public Defender wanted me to say that Phillip Williams had shot Eldrick
> Williams for something he had come to prison for. I was scared for my life because
> the Public Defender was telling me that I was going to end up in prison for the rest
> of my life if I didn't say it at trial. . . . I didn't' see anyone shoot the victim. . . . The
> prosecutor was telling me to [sic] that I was going to get the death penalty or life in
> prison and that the public defenders had already told me what I needed to say at trial
> to avoid getting the death sentence or life in prison. Therefore, I lied at the trial of
> Phillip Williams. Phillip Williams didn't kill the victim.

(Doc. No. 2).

Furthermore, based on an affidavit by Antoine Williams on January 19, 2011, Holloway also

confessed to Antoine Williams that he "deliberately lied on [Phillip Williams], and as a result [he]

received a life sentence." (Doc. No. 2).

## III.    DISCUSSION

For the following reasons, the Court finds that Mr. Williams' Petition is barred by the statute

of limitations period found in 28 U.S.C. § 2244(d)(1), which imposes a one-year limitation on

petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent argues that the triggering date in this case is "the date on which the factual

predicate of the claim or claims presented could have been discovered through the exercise of due

diligence."  28 U.S.C. § 2244(d)(1)(D).  Respondent states "the factual predicate for Petitioner's

claim of prosecutorial misconduct could have been discovered through the exercise of due diligence

starting on the date that Kareem Holloway was willing to recant his testimony to Antoine Williams,

on January 3, 2008." (Doc. No. 16).  Therefore, the statute of limitations period ran from January

3, 2008, until Monday, January 5, 2009.

In the alternative, Respondent argues that "the factual predicate for Petitioner's claim could have been discovered through the exercise of due diligence when Holloway executed the affidavit in which he recanted his trial testimony, on June 5, 2009." (Doc. No. 16).  Therefore, the statute of limitations period would have expired on Monday, June 7, 2010.

Giving Williams the benefit of the doubt, the Court finds that the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence was June 5, 2009, the date Holloway executed his affidavit.  Mr. Williams states that Mr. Jones, the notary on Mr. Holloway's affidavit, "presented him with a signed and notarized affidavit" which is attached as Exhibit A to his Brief in Support. (Doc. No. 2).  Therefore, Williams' claim that Holloway's affidavit proves he is actually innocent and that the prosecutor committed misconduct could have immediately been discovered when Williams was given the affidavit recanting Holloway's trial testimony.[1]

Because the Court finds that the statute of limitations period began running on June 5, 2009, Williams had until Monday, June 7, 2010, to file a timely habeas petition.[2]  Williams did not file his instant Petition until February 7, 2011, 245 days over the one-year deadline.  Therefore, his Petition is untimely.

While Williams does not make any specific arguments regarding equitable tolling, the Court will address whether he is entitled to it.  A petitioner seeking equitable tolling "bears the burden of

---

[1]If Mr. Williams has evidence that he received the affidavit later than June 5, 2009, he should present that evidence to Judge D. P. Marshall Jr. in his objections to this Report and Recommendation.

[2]A year from June 5, 2009, fell on Saturday, June 5, 2010; therefore, pursuant to FED. R. CIV. P. 6(a)(3), the "period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). "Such extraordinary circumstances must not be attributable to the petitioner." *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008). Equitable tolling should not be based on commonplace and non-external excuses like inadequate legal assistance or prisoner ignorance. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

Mr. Williams has not met the elements for establishing equitable tolling and therefore is not entitled to have the statute of limitations period tolled. He waited over one year and eight months year from the date Holloway executed his affidavit to file his current habeas petition. He was not diligently pursuing his rights. Therefore, equitable tolling is not warranted. Because Mr. Williams' Petition is time barred, the Court will not address the Respondent's remaining arguments.

## IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Mr. Williams' § 2254 Petition (Doc. No. 1) should be DISMISSED with prejudice, and the requested relief be DENIED; and

2.     A certificate of appealability should be DENIED.

DATED this 23rd day of May, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE