**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

PHILLIP D. WILLIAMS,                                                                    PETITIONER
ADC # 115975

v.                                            5:11cv00028-DPM-JJV

RAY HOBBS, Director,                                                                  RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.    BACKGROUND

Mr. Williams is serving a sentence of life in prison plus 240 months from 2001 convictions

for felony capital murder, armed robbery and misdemeanor theft of property.  (Doc. No. 16, Ex. A.)

Mr. Williams took a direct appeal from his convictions, arguing "the trial court erred by denying his

motions for directed verdict" because there was not "substantial evidence to support the judgment

on each count."  *Williams v. State*, 351 Ark. 215, 218-19, 91 S.W.3d 54, 56 (2002).  He also

questioned the constitutionality of Arkansas' substantial-evidence standard of review and the

constitutionality of Rule 5-2(d) of the Rules of the Arkansas Supreme Court.  *Id.*  On December 5,

2002, the Arkansas Supreme Court affirmed Mr. Williams' conviction.  On April 7, 2003, he filed

a petition for writ of certiorari in the United States Supreme Court; it was denied on June 2, 2003.

(Doc. No. 16, Ex. B.)  On June 6, 2003, the Arkansas Supreme Court issued its mandate.  (*Id.*)

On February 7, 2011, Mr. Williams filed the instant habeas petition, arguing actual innocence

and prosecutorial misconduct.  To support these arguments, he attached an affidavit executed by

former co-defendant, Kareem Holloway, who stated that he had "lied at the trial of Phillip Williams"

at the direction of the prosecuting attorney and the public defender in order to "avoid getting the

death sentence or life in prison." (Doc. No. 2 at 8.)  Specifically, Mr. Holloway stated that he lied

when he testified that he saw Mr. Williams shoot the victim, because he ran from the house when

the shooting started between Mr. Williams and the victim, and he did not see who shot the victim.[1]

The Respondent filed a response (Doc. No. 16), arguing that Mr. Williams was time-barred

under the AEDPA one-year statute of limitations.  On May 23, 2011, this Court entered its Proposed

Findings and Recommendations (Doc. No. 18), recommending dismissal on the basis of Mr.

Williams' untimely filing.

Mr. Williams filed objections (Doc. No. 22) to the Proposed Findings and Recommendations.

He alleged that he was entitled to equitable tolling of the AEDPA one-year statute of limitations

given that his attorney, Darrel F. Brown, Jr.,  failed to make a timely filing pursuant to their

representation agreement.  On September 8, 2011, the District Court entered an order (Doc. No. 26)

adopting the time-bar analysis, but referring Mr. Williams' newly pled equitable-tolling argument

for further development.

---

[1]As the Supreme Court for the United States and the United States Court of Appeals for the Eighth Circuit have held, " 'claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' " *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Burton v. Dormire*, 295 F.3d 839, 848 (8th Cir. 2002); *Meadows v. Delo*, 99 F.3d 280, 283 (8th Cir. 1996).  An actual innocence claim, however, may serve as a "gateway" to "resurrect[] procedurally defaulted claims of constitutional error which occurred in the underlying trial," *Kidd v. Norman*, 651 F.3d 947, 951-52 (8th Cir. 2011), if the petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995).  Ultimately, such gateway claims must be based on evidence that was "*not available* at trial and [that] could not have been discovered earlier through the exercise of due diligence." *Id.* (emphasis added).  In this case, Mr. Williams' actual-innocence claim, taken on the merits or as a *Schlup* gateway claim, would not be successful.  As the Respondent notes, Kareem Holloway's affidavit is not reliable evidence pursuant to *Herrera*, *supra*, and, in light of all the evidence at trial, Mr. Holloway's affidavit does not aid Mr. Williams in overcoming his burden of proving that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.

On December 13, 2011, the Court held a hearing on the equitable-tolling claim.  Mr. Williams testified that he met with attorney Darrel F. Brown, Jr., for an initial consultation on July 8, 2009, shared the contents of Kareem Holloway's affidavit and communicated his desire to pursue any available post-conviction relief.  Mr. Brown agreed to investigate any potential post-conviction claims by reviewing trial and appellate transcripts.

The representation agreement (Doc. No. 22 at 7-8) states Mr. Brown would represent Mr. Williams in a post-conviction proceeding – either the filing of a motion for a new trial or a habeas petition – in exchange for a flat fee of $5,000.00.  Both Mr. Williams and Mr. Brown testified during the hearing that payment of the fee was to be made in full before the filing of any pleading would occur.

Mr. Williams and Mr. Brown remained in contact from July 2009 to approximately September 2009.  They disagreed, however, as to the status of their relationship during October 2009.  Mr. Williams stated that Mr. Brown suddenly stopped communicating with him at that time and would not return his phone calls or respond to his letters.  Mr. Brown, on the other hand, testified that from July 2009 to late September 2009, he performed as promised under the agreement by reviewing Mr. Williams' trial and appellate transcripts and that, in his opinion, a motion for new trial was the most appropriate procedural vehicle for Mr. Williams' claims.  Mr. Brown said he never agreed that a federal habeas petition should be filed.  Mr. Brown also explained that between July 8, 2009 (the date of the initial consultation) and August 28, 2009, Mr. Williams' mother, Pamela Walker, and brother, Michael Perry, had paid only half of the $5,000.00.  Mr. Brown further testified that he had notified Ms. Walker, Mr. Perry, and Mr. Williams several times of his completion of the motion for new trial and that he would need payment in full before he could proceed.  Mr. Brown also noted that Ms. Walker had arranged to meet at his office to discuss further

payment, but failed to attend that meeting.

By October 2009, Mr. Brown considered Mr. Williams' account to be in default.  Mr.

Williams disagreed and testified that Mr. Brown refused to accept any more money until he had

completed his research on the motion.  Mr. Brown, however, stated that he had never refused

payment on behalf of Mr. Williams any time.

## II.    DISCUSSION

The one-year statute of limitations set forth in 28 U.S.C. § 2244(d) "is subject to the doctrine

of equitable tolling." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).  Generally, though, courts

have found that the application of this doctrine should be "guarded and infrequent." *See Flanders*

*v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002); *see also Finch v. Miller*, 491 F.3d 424, 427 (8th Cir.

2007)(" 'Equitable tolling is an exceedingly narrow window of relief.' " (quoting *Maghee v. Ault*,

410 F.3d 473, 476 (8th Cir. 2005))).  Ultimately, "[a] petitioner is entitled to equitable tolling only

if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstances stood in his way and prevented timely filing." *Rues v. Denney*, 643 F.3d 618, 621

(8th Cir. 2011) (quoting *Holland v. Fla.*, 130 S.Ct. 2549, 2563 (2010)); *see also Walker v. Norris*,

436 F.3d 1026, 1032 (8th Cir. 2006).

Diligence is a factual issue that should be determined by the district court.  *Shelton v.*

*Purkett*, 563 F.3d 404, 407 (8th Cir. 2009).  To establish diligence, it is not necessary for the

petitioner to show that he or she exercised maximum feasible diligence; all that is required is

reasonable diligence. *Holland*, 130 S.Ct. at 2565.  What constitutes reasonable diligence, however,

is fact dependent and will vary from case to case.  *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005);

*Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010); *Earl v. Fabian*, 556 F.3d 717, (8th Cir. 2009).

With regard to extraordinary circumstances, the types of circumstances that justify the

application of equitable tolling are those that are " 'external to the petitioner,' " i.e., those that "lull[] the [petitioner] into inaction," or those that "make it impossible [for the petitioner] to file a timely petition." *Flanders*, 299 F.3d at 976 (quoting *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)); *see also Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008) ("[These] extraordinary circumstances must not be attributable to the petitioner."). As the Supreme Court of the United States and the United States Court of Appeals for the Eighth Circuit have both held, the concept of "extraordinary circumstances" does not include attorney or petitioner ignorance of the law or statutes of limitation. *See Rues v. Denny* 643 F.3d 618, 621-22 (8th Cir. 2011); *Kreutzer*, 231 F.3d at 463; *see also Lawrence v. Fla.*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991))). The same is also true of a petitioner's lack of legal representation or lack of legal knowledge. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer*, 231 F.3d at 463 ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). However, an extraordinary circumstance may exist when a petitioner's attorney engages in intentional or misleading conduct. *See Holland v. Fla.*, 130 S.Ct. 2549, 2564 (2010) (holding that a petitioner's counsel's failure to research the appropriate deadline and to timely file the petitioner's habeas petition despite the petitioner's many letters expressing the significance of doing so constituted extraordinary circumstances).

## III.   ANALYSIS

Mr. Williams argues he is entitled to equitable-tolling because Mr. Brown failed to timely file the instant habeas petition. This argument is unavailing. The facts in this case lead this Court to conclude that Mr. Williams failed to act with reasonable diligence.

The most favorable triggering date to Petitioner is June 5, 2009, the day Kareem Holloway executed his affidavit and the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.[2]

Petitioner initially acted diligently when he quickly contacted counsel and met with Mr. Brown on July 8, 2009.  He acted with diligence as he kept in contact with his lawyer and tried to reach a resolution.  But regardless of the reason, a few months later, it was clear that Mr. Brown was not going to file any pleading on Mr. Williams' behalf.  And Mr. Williams failed to change course.

Mr. Williams apparently knew that diligence required changing courses.  In a letter dated October 25, 2009, approximately seven months before the expiration of the statute of limitations, he wrote to Mr. Brown and stated he had read during his research that he could "not file a motion for new trial if its been over 30 days since the conviction took place."  (Res. Ex. 1, at 26.)  He referenced a case where the court had denied an "individual relief because . . . the evidence was not presented in a timely manner."  (*Id.* at 27.)

While Mr. Williams argues he is unskilled in the law and needed every bit of the time he took to eventually file his petition on February 7, 2011, the record reveals Mr. Williams chose to go after Mr. Brown.  Rather than diligently pursuing a habeas petition, Mr. Williams spent his time researching, drafting and filing complaints with the Supreme Court of Arkansas Office of Professional Conduct.  (Doc. No. 22 at 9-12.)

Given Mr. Williams' apparent knowledge of the time limits on post-conviction claims,[3] the

---

[2]Respondent offers earlier dates whereby Petitioner could have discovered Mr. Holloway's alleged lies at trial, such as during the trial.  However, giving Petitioner all benefit of the doubt, the Court will use June 5, 2009.

[3]Even if Mr. Williams did not know how to file a federal habeas petition and had to conduct his own research, he is not exempt from "the principle that everyone[, even an inmate,] is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law

roughly twenty months between the triggering date and the date he eventually filed his petition, it cannot be said that Mr. Williams pursued his claims with reasonable diligence. *Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010); *Baker v. Norris*, 321 F.3d 769 (8th Cir. 2003).

Finally, Mr. Williams has not shown that an external, extraordinary circumstance made timely filing impossible in this case. His only attempt at satisfying this prong is to fault Mr. Brown. He cites to the United States Supreme Court's decision in *Holland v. Florida*, 130 S.Ct. 2549 (2010), for support. In *Holland*, the Court was concerned with the conduct of an attorney who not only failed to file his client's habeas petition on time, but also failed to research the appropriate filing deadline and did not respond to his client's letters informing him of the applicable legal rules. *Holland*, 130 S.Ct. at 2564. The Court held that the District Court erred by applying an "overly rigid *per se*" approach to the reasonable-diligence requirement and by failing to consider whether an the attorney's conduct qualified as an extraordinary circumstance. *Id* at 2565. The instant facts are distinguishable from those in *Holland*. Here, it was never the understanding between Mr. Brown and Mr. Williams that a federal habeas petition should be filed. As the language in the representation agreement states, Mr. Brown agreed to file a "Motion for New Trial *or* Habeas Petition." (Doc. No. 22 at 7 (emphasis added).) Mr. Brown testified at the hearing that after conducting his research, he came to the conclusion that a motion for new trial was the more appropriate pleading. Mr. Brown communicated this to Mr. Williams several times. An August 20, 2009, letter to Mr. Williams confirms this testimony, and Mr. Williams acknowledged Mr. Brown's decision to proceed with a motion for new trial in a letter dated October 25, 2009. (Res. Ex. 1 at 24,

---

of which he has run afoul." *Baker v. Norris*, 321 F.3d 769, 772  (8th Cir. 2003) (holding that an inmate with limited law library access and lack of knowledge concerning the one-year statute of limitations did not qualify for equitable tolling); *see, e.g.*, *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999).

26-27.)  The timeliness of a motion for new trial is not at issue in this case, and given that Mr. Brown did not act intentionally to prevent timely filing of the petition at bar, it would be misconceived to consider Mr. Brown's actions in an extraordinary circumstances analysis for purposes of equitable tolling in this proceeding.

Even assuming Mr. Brown agreed to file a federal habeas petition, Mr. Williams' argument is still not convincing.  Specifically, pursuant to the representation agreement, Mr. Williams still had some level of responsibility with regard to the timely filing of the habeas petition: He agreed to pay Mr. Brown $5,000.00 "on or before entry of the filing of the requested legal documents in this matter."  (Doc. No. 22 at 8.)  And Mr. Williams admits that full payment never occurred.  Mr. Brown notified Mr. Williams and his family members in October 2009 that the account was in default and further payment was necessary before filing would occur.  Though Mr. Brown's failure to file under these circumstances would have been intentional, it would have also been consistent with the terms of the representation agreement that Mr. Williams signed and understood.  Such conduct on the part of Mr. Brown does not rise to the level of the deliberate neglect exhibited in *Holland* and certainly does not otherwise constitute an extraordinary circumstance.  Since Mr. Williams was not reasonably diligent in pursuing his rights and has not established that an extraordinary circumstance prevented him from timely filing the instant habeas petition, equitable tolling of the AEDPA one-year statute of limitations is not appropriate in this case.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.       The doctrine of equitable tolling should not be applied in this case.

2.       Mr. Williams' Petition (Doc. No. 1) should be DISMISSED with prejudice as untimely filed pursuant to the AEDPA one-year statute of limitations.

3.      All pending motions should be DENIED as moot.

DATED this <u>6th</u> day of January, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE