IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PHILLIP D. WILLIAMS,
ADC # 115975                                                    PETITIONER

v.                              No. 5:11-cv-28-DPM-JJV

ARTIS RAY HOBBS, Director,
Arkansas Department of Correction                     RESPONDENT

## ORDER

The Court of Appeals remanded for this Court to determine whether

Williams's new evidence satisfied the demanding actual-innocence standard.

№ 69.     The Court appreciates Magistrate Judge Joe J. Volpe's

recommendation, № 77. Because Williams objected to it, № 78, the Court has

reviewed *de novo*. FED. R. CIV. P. 72(b)(3).  Though the objections are not

typed, the Court did not have any trouble reading or understanding them. As

Williams has requested, № 79, the Court has given his arguments the same

weight as if made by a lawyer in a typed brief.  By letter, approximately three

months ago, Williams also asked to make additional arguments, and offer

more evidence, out of time. He has not submitted anything else, though. The

Court concludes that the existing record and briefing is adequate.  Opposed

recommendation adopted as supplemented.

Williams says he is actually innocent of aggravated robbery and felony capital murder. № 78 at 4–5. He provides two affidavits — one from his alleged accomplice, Kareem Holloway, and one from Antoine Williams, another prisoner. A showing of actual innocence can serve as a gateway through which a petitioner can obtain federal court review of an otherwise barred claim. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). But such a claim is "rarely successful." *Schlup*, 513 U.S. at 324.

First, Williams must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Ibid.* Holloway's affidavit is not reliable evidence. Holloway admits that he told different stories to the police and at trial. № 2 at 7. This inconsistency undermines Holloway's credibility and creates real doubt about whether he's telling the truth now. *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001). Antoine Williams's affidavit is also unreliable. № 2 at 10. He is trying to testify about what Holloway said to him. This is hearsay. Moreover, Antoine Williams is a third party with no independent knowledge of this case. Last, affidavits are generally disfavored because they provide no opportunity for cross-

-2-

examination. *Herrera v. Collins*, 506 U.S. 390, 417–18 (1993).

Second, Williams must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.   Williams says that Holloway's affidavit proves Williams didn't know a robbery was going to take place and didn't shoot Eldrick. № *78 at 4–6*. But even if Williams hadn't planned with Holloway to steal money, a jury could reasonably conclude that his proximity to the robbery and association with Holloway made him an accomplice to what happened. *Williams v. State*, 351 Ark. 215, 224–25, 91 S.W.3d 54, 59–60 (2002). Williams also says that Holloway's allegedly perjured testimony had a great impact on the jury. № *78 at 4*. Holloway, though, wasn't the only witness. Williams and Eldrick's aunt testified too. She identified Williams (by the shirt he was wearing) as the one who repeatedly shot Eldrick as he was falling down. *Williams*, 351 Ark. at 220, 91 S.W.3d at 57. Williams, for his part, said this was a drug deal gone bad and he only shot at Eldrick in self-defense. *Williams*, 351 Ark. at 222, 91 S.W.3d at 58.   The jury had to resolve the inconsistencies in all this testimony. With Holloway's changed testimony, the State's case would have been weaker; but a reasonable juror could still have

voted to convict on the robbery and capital-murder charges. Holloway and Williams's affidavits, therefore, do not satisfy *Schlup*'s demanding standard.

Finally, the Court must consider any unjustifiable delay in evaluating Williams's actual-innocence claim. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). This Court previously held that Williams did not exercise reasonable diligence and that no extraordinary circumstances prevented him from filing a timely habeas petition. № 52. Williams's delay in filing, albeit short, raises further doubt about his actual innocence. *McQuiggin*, 133 S. Ct. at 1936.

Considering all the material circumstances in this case in light of the governing law, Williams is not entitled to habeas relief.

So Ordered.

D.P. Marshall Jr.
United States District Judge

15 May 2014

-4-